IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**RONALD F. ROMERO,**

      Petitioner,

v.                                  No. CV 09-0232 RB/DJS

**DONNA GOODRICH,** Warden
Gallup McKinley Adult Detention Center

and

**PUEBLO OF NAMBÉ,**

      Respondents.

## MOTION TO RECONSIDER AND VACATE THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

      COMES NOW, the Pueblo of Nambé (hereinafter "Respondent Nambé"), through its attorneys, CHESTNUT LAW OFFICES (Joe M. Tenorio and Peter C. Chestnut) and hereby moves the Court to reconsider the Magistrate Judge's Proposed Findings and Recommended Disposition filed on March 9, 2010 (hereinafter "Recommended Disposition") and deny Petitioner's Request for a Writ of Habeas Corpus.

      1.    On May 30, 2007, Petitioner Romero was convicted by the Nambé Tribal Court on 12 Criminal Counts, and sentenced to a total term of eight years in prison. Romero was transported to the Chief Ignacio Justice Center, Towaoc, Colorado on December 26, 2007, to serve out his sentence.

      2.    While incarcerated in the Colorado prison, Romero allegedly assaulted a prison officer on or around November 28, 2008.

      3.    On December 23, 2008, Petitioner was relocated from the Colorado prison to the Gallup-McKinley Adult Detention Center in Gallup, New Mexico.

1

4. Petitioner filed a Petition for Writ of Habeas Corpus in this Court on March 10, 2009, naming Donna K. Goodrich, the warden of the Gallup-McKinley Adult Detention Center, and the Pueblo of Nambé as Respondents.

5. On October 6, 2009, Romero was indicted by a Colorado grand jury on one count of assault on a federal officer based on the November 28, 2008 incident that occurred while Romero was incarcerated in the Colorado facility. On December 21, 2009, a Writ of Habeas Corpus ad Prosequendum was issued by the United States District Court for the District of Colorado ordering the return of Romero to Colorado to appear before the Court and to remain in federal custody following the court proceeding.

6. On February 2, 2010, Respondent Goodrich filed a Notice by McKinley County of Custody Change in this Court, stating that Romero had been transferred to Colorado on December 21, 2009 and was no longer in her custody. Attached to the Notice was a copy of the indictment, arrest warrant, and copy of the Writ of Habeas ad Prosequendum.

7. Romero has been indicted by the United States of America for violating Title 18 U.S. Code Sections 111(a) and (b) assaulting a federal officer while performing official duties, in the matter of USA v. Ronald Romero filed in U.S. District Court for the District of Colorado No. 09-cr-00426. Romero is currently incarcerated in Colorado and has waived his right to a detention hearing, and is scheduled for trial in June, 2010.

8. The maximum penalty on the federal charge is 20 years imprisonment, a $250,000 fine or both, plus 3 years probation.

9. The Nambé Tribal Court has determined that the interests of justice will be served, and the public safety of the Pueblo will not be harmed, by commuting Romero's sentences, including fines and probation, to time served as of March 1, 2010.

10. The Nambé Tribal Court issued an Order on March 10, 2010 to commute Romero's sentence to time served as of March 1, 2010, thereby releasing its authority over Romero (Exhibit A). A final Release Order was issued at the same time (Exhibit B).

12. Neither Respondent Goodrich nor Respondent Pueblo of Nambé have authority or control over Petitioner Romero at this time. Romero's sentence was commuted and his case dismissed by the Tribal Court, and therefore Respondents will not regain authority over him based on his conviction in Tribal Court.

13. In his Proposed Findings the Magistrate Court Judge found that this Court has jurisdiction in this case because Petitioner Romero attacked the validity of an underlying detention order in the state of New Mexico based on the Tribal Court's sentence.

14. Because both Respondents lack authority or control over Petitioner Romero and there is no underlying detention order, there is no longer a reason or need to grant Romero's Petition for a Writ of Habeas Corpus.

15. Counsel for Respondent Nambé contacted Petitioner's Counsel to inform them of this Motion. Petitioner's Counsel is driving to Colorado to discuss the Motion with Petitioner.

WHEREFORE, Respondent Nambé asks the Court to:

1. Vacate the Magistrate Judge's Proposed Findings and Recommended Disposition.

2. Deny Petitioner Romero's Petition for a Writ of Habeas Corpus.

                                       Respectfully Submitted

                                       CHESTNUT LAW OFFICES

                                       /s/ Peter C. Chestnut
                                       Peter C. Chestnut
                                       Joe M. Tenorio

121 Tijeras NE, Ste. 2001<br>
Albuquerque, N.M. 87102<br>
Phone: 505-842-5864<br>
Fax: 505-843-9249

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March __11__, 2010, I filed the foregoing Motion to Reconsider the Magistrate Judge's Proposed Findings and Recommended Disposition electronically through the CM/ECF System, which caused CM/ECF participants to be served by electronic means, as more fully described on the Notice of Electronic Filing.

_____
Peter C. Chestnut