IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RONALD F. ROMERO,

    Petitioner,

vs.                                                    Cause No. 1:09-cv-232 RB/DJS

DONNA K. GOODRICH, Warden,
Gallup McKinley Adult Detention
Center, and PUEBLO OF NAMBÉ,

    Respondents.

### ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on the *Magistrate Judge's Proposed Findings and Recommended Disposition* [Doc. 41], filed April 14, 2011 ("PFRD"), *Petitioner Romero's Objections to the Magistrate Judge's Proposed Findings and Recommended Disposition* [Doc. 42], filed April 28, 2011 ("Objections"), and on Respondent Pueblo of Nambé's *Response to Petitioner Romero's Objections to the Magistrate Judge's Proposed Findings and Recommended Disposition* [Doc. 43], filed May 5, 2011 ("Response"). After conducting a *de novo* review of the Magistrate Judge's report, the Objections, the Response, the record, and the relevant legal authorities, the Court adopts the Magistrate Judge's Proposed Findings and Recommended Disposition and dismisses this case as moot.

**I.**     **BACKGROUND**

Petitioner Ronald Romero, who is represented by counsel, seeks a writ of habeas corpus pursuant to 25 U.S.C. § 1303, the Indian Civil Rights Act of 1968 ("ICRA"). Romero is an enrolled member of the Pueblo of Nambé. In 2007, a tribal court judge convicted him of multiple criminal

acts arising out of an incident of apparent domestic violence and sentenced him to a term of imprisonment of eight years.

Romero filed his ICRA habeas petition on March 10, 2009. [Doc. 1.] The matter was referred to the Magistrate Judge. [Doc. 5.] The Magistrate Judge initially recommended the writ be granted, but then withdrew the recommendation after learning that the Pueblo had—during the pendency of this action—commuted Romero's sentence to time served and issued a Release Order relinquishing custody of him. [Doc. 36.]

Though Romero was released from tribal custody, his incarceration did not end. He remained incarcerated pending prosecution for a federal crime he committed while in tribal custody. [Doc. 32.] The prosecution led to a conviction which is now on appeal before the Tenth Circuit as case number 10-1542.

Upon withdrawing his recommendation, the Magistrate Judge requested briefing on the issue of mootness. [Doc. 36.] After considering the briefs, the Magistrate Judge concluded Romero's habeas petition had been rendered moot by his release from tribal custody; the Magistrate Judge therefore recommended that the petition be dismissed. Romero filed timely Objections.

## II.    ANALYSIS

### A.    Legal Standard

The district judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which is objection is made." 28 U.S.C. § 636(b)(1). "[O]bjections to the magistrate judge's report must be both timely and specific to preserve an issue for de novo review by the district court[.]" United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996). The district judge is not required to review any issue that is not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985).

**B.     Romero Objections**

Romero lodged nine objections to the Magistrate Judge's report. [Doc. 42 at 4–7.] Before addressing the Objections, the Court first identifies the conclusions to which Romero did not object.

First, Romero did not object to the Magistrate Judge's conclusion that the presumption of collateral consequences does not apply in this case. Second, Romero did not object to the Magistrate Judge's conclusion that the possibility of future impeachment and sentence enhancements based on the tribal court conviction are too speculative to suffice as collateral consequences. Review of these conclusions is therefore waived.

Romero's first objection is that the Magistrate Judge failed to take into account that the Pueblo issued the Release Order after the Magistrate Judge's initial recommendation to grant the writ. According to Romero, the Release Order did nothing to remedy the purported ICRA violations. [Doc. 42 at 4.]

The objection is overruled. The Magistrate Judge did take note that the Pueblo issued the Release Order after his initial recommendation. The Release Order was indeed the reason the Magistrate Judge withdrew the first recommendation. [Doc. 41 at 6.] Romero's objection that the Release Order did not remedy the alleged ICRA violations misapprehends the relevant inquiry. The issue is not whether any alleged ICRA violations have been cured. As the Magistrate Judge stated, the question is whether the case continues to satisfy Article III's case-or-controversy requirement. [Doc. 41 at 7.]

Romero's second objection is that the Magistrate Judge incorrectly found there was no remedy. [Doc. 42 at 4–5.] According to Romero, this Court is the only court able to review the purported ICRA violations.

The objection is overruled. Although Romero continues to assert there is a remedy, he has

3

yet failed to identify it. "Once it becomes impossible for a court to grant effectual relief, a live controversy does not exist, and a case is moot." United States v. Quezada-Enriquez, 567 F.3d 1228, 1231 (10th Cir. 2009). The Magistrate Judge afforded Romero ample opportunity to identify the specific relief the Court has power to grant. He has not identified any nonspeculative adverse consequences he currently suffers on the basis of the tribal court conviction, and which the Court can remedy.

Romero's third objection is that the Magistrate Judge "misinterprets the in-custody" jurisdictional requirement. [Doc. 42 at 5.] The objection is not specific and is therefore overruled. Romero does not explain how the Magistrate Judge misinterpreted the in-custody requirement. Furthermore, the "in custody" requirement, which is a prerequisite to habeas jurisdiction, has never been an issue in this case. It is undisputed Romero was incarcerated pursuant to a tribal court order at the time he filed his habeas petition and that he therefore met the custody requirement. See Mays v. Dinwiddie, 580 F.3d 1136, 1139 (10th Cir. 2009) (petitioner must satisfy the custody requirement at the time the habeas action is filed).

Romero's fourth objection is that the Magistrate Judge improperly narrowed Romero's claims by finding relief was warranted only on one claim (the sentencing claim) and failing to address the other claims. [Doc. 42 at 5.] The objection is overruled. The Magistrate Judge did not reach the merits of any of Romero's claims, and his refusal to do so was proper upon concluding the Court lacks jurisdiction. Furthermore, although Romero claims it is undisputed the imposition of an eight-year sentence violated his rights, the Magistrate Judge withdrew that conclusion and it has never been adopted by this Court.

Romero's fifth and sixth objections are that the Release Order did not cure the allegedly illegal conviction and the Magistrate Judge therefore erred in finding the case moot. Romero argues

that a finding of mootness would allow the Tribe to obtain an illegal conviction, impose an illegal sentence and then escape review by issuing a release order if a petitioner files a petition for writ of habeas corpus. [Doc. 42 at 5.]

The objection is overruled. The fifth and sixth objections are a variation of the first objection. Romero again argues the Release Order did not "cure" the purported ICRA violations. The Court's threshold task, however, is not to determine if ICRA violations occurred, and if they did occur, whether the Release Order cured them. The Court must in every case first determine whether it has jurisdiction. If the Court finds that a case or controversy has ceased to exist because of intervening events, the Court lacks jurisdiction and may not proceed to the merits. See Moongate Water Co. v. Dona Ana Mut. Domestic Water Consumers Ass'n, 420 F.3d 1082, 1088 (10th Cir. 2005) (holding that court must consider sua sponte whether intervening events have rendered case moot).

To the extent Romero attempts to invoke the "capable of repetition but evading review" exception to mootness, he has waived the exception by failing to raise it in his supplemental brief before the Magistrate Judge. United States v. Garfinkle, 261 F.3d 1030, 1031 (10th Cir. 2001) (theories raised for the first time in objections to magistrate judge's report are deemed waived). Furthermore, in his Objections he offers no reasoned or supported argument for its application to this case.

Romero's seventh objection is that the Magistrate Judge incorrectly found there was no irreparable harm. The objection is overruled. The Magistrate Judge did not find Romero had not been harmed. He concluded Romero had failed to demonstrate continuing collateral legal consequences sufficient to establish an Article III case or controversy.

Romero's eighth objection is that the Magistrate Judge failed to consider that the time he

5

spent illegally detained has not been "accounted for." [Doc. 42 at 6.] The objection is overruled. It assumes a proposition that has not been established; namely, that Romero was illegally detained. As discussed above, although the Magistrate Judge initially concluded the sentence imposed by the Tribal Court was in excess of its authority, he withdrew that conclusion and the Court has not adopted it. Furthermore, even if the Court were to assume Romero had been detained in violation of ICRA, the issue still would be moot. Challenges to the length of a sentence generally become futile upon release. Goodloe v. U.S. Parole Comm'n, 346 F.App'x 340, 348 n.8 (10th Cir. 2009) (unpublished) (citing Lane v. Williams, 455 U.S. 624 (1982)).

Romero also argues he "has never been physically released from tribal custody because he received a new charge while illegally detained [and]...[b]ut for the illegal detention he would not have been in [the] position to receive the new federal charge and sentence." [Doc. 42 at 6.] The Court construes this argument as an objection to the Magistrate Judge's conclusion that Romero's current incarceration does not qualify as a collateral consequence.

The Magistrate Judge concluded that Romero's current sentence for an unrelated federal offense he committed while incarcerated for the tribal conviction is not a collateral consequence of the tribal conviction. [Doc. 41 at 12.] The Court agrees. Romero's current incarceration is a consequence of separate criminal conduct and is independent of—not collateral to—the tribal conviction. Romero's "but for" reasoning does not accord with the legal standard. Sibron v. New York, 392 U.S. 40, 57 (1968) (collateral consequences are consequences "imposed on the basis of the challenged conviction").

Romero argues he was only in a position to "receive" the federal charge because he was in illegal detention. This argument suggests Romero be permitted to save an otherwise moot habeas petition by committing additional criminal acts in prison. However, "[a] habeas petition can play

no role in sheltering someone from his or her own possible future misconduct." Phifer v. Clark, 115 F.3d 496 (7th Cir. 1997). Romero is expected to refrain from committing crimes whether or not he is incarcerated. The Court overrules the objection.

Romero's ninth objection is that the Magistrate Judge fails to consider that ICRA allows not only for release, but also "a review of the circumstances surrounding the illegal detention." [Doc. 42 at 6.] Romero's objection suggests he is seeking a declaration by this Court that the Pueblo's practices violate ICRA. However, "[w]e are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong." Spencer v. Kemna, 523 U.S. 1, 18 (1998). Unless the Court can grant effectual relief to Romero, the case is moot. Quezada-Enriquez, 567 F.3d at 1231; see also Green v. Granson, 108 F.3d 1296, 1300 (10th Cir. 1997) (case is moot where entry of judgment in petitioner's favor would amount to nothing more than a declaration he was wronged). Because of the absence of collateral consequences which the Court can remedy, considering the "circumstances" of the allegedly illegal detention would have no practical effect for Romero.

In any event, Romero did not raise this argument before the Magistrate Judge and cites no authority for it in his Objections. The objection is therefore waived.

**IT IS HEREBY ORDERED** that (i) Petitioner's Objections are overruled; (ii) the proposed findings and recommended disposition of the United States Magistrate Judge are adopted by the Court; and (iii) the *Petition for Writ of Habeas Corpus Pursuant to 25 U.S.C. § 1303 for Relief from Indian Tribal Court Conviction and Order of Detention* [Doc. 1] is dismissed as moot.

_____
**UNITED STATES DISTRICT JUDGE**